UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLOBAL HUNTER SECURITIES, LLC | * | CIVIL ACTION NO. _____ |
| Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE _____ |
| | * | |
| MANNKIND CORPORATION | * | |
| Defendant | * | MAGISTRATE _____ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Global Hunter Securities, LLC ("GHS") respectfully states the following:

1.

GHS is a New York limited liability company, with its principal place of business in New Orleans, Louisiana.

2.

MannKind Corporation ("MannKind") is a Delaware corporation, having its principal place of business in Valencia, California.

3.

This court is vested with subject matter jurisdiction because there is complete diversity of citizenship between the plaintiff and the defendant, and the amount in controversy (exclusive of interest and cost) exceeds $75,000.

4.

Venue is proper within this district because the cause of action is for the breach of a contract which was negotiated between the parties in material part in this district, and the

1

{00188825-3}

contract was principally executed within this district. By thus doing business in this district, MannKind has subjected itself to the jurisdiction of this court.

5.

MannKind is well and truly indebted unto GHS in the full sum of $3,026,000, plus interest thereon at the judicial rate from February 8, 2012, until paid, reasonable attorney's fees incurred by GHS in this matter, and all costs of these proceedings for the following reasons, to wit:

6.

By way of Engagement Letter dated September 6, 2011, MannKind engaged GHS to act at MannKind's exclusive advisor and placement agent in connection with the placement of certain of MannKind's securities.

7.

In connection with that engagement, GHS sought out investors for MannKind and proposed various financing arrangements with investors willing to acquire MannKind securities.

8.

However, MannKind was not satisfied with any of the financing arrangements proposed by GHS and, in November 2011, advised GHS that MannKind desired to terminate its engagement of GHS and engage Jefferies & Company, Inc. ("Jefferies"), as its advisor and placement agent in connection with the placement of securities.

9.

Accordingly, GHS and MannKind entered into negotiations for termination of the September 6, 2011 Engagement Letter.

10.

As a result of those negotiations, on December 2, 2011, GHS and MannKind entered into the Termination Agreement, a copy of which is attached hereto as Exhibit A.

11.

Pursuant to the terms of that Termination Agreement, MannKind agreed that not later than December 7, 2011, MannKind would reimburse GHS for $85,000 of GHS' out-of-pocket expenses, plus fees of GHS' legal counsel, Proskauer Rose, in the amount of $250,000. Those expenses and fees were duly paid in accordance with the Termination Agreement.

12.

The Termination Agreement further provided that, if MannKind successfully completed a placement of securities with Jefferies, MannKind would pay, or cause to be paid, from the proceeds of such placement, a cash advisory fee to GHS in the amount of $875,000. The Termination Agreement further provided that in addition, (i) if the debt portion (or units of debt with warrants) of such placement resulted in proceeds to MannKind (net of any proceeds used to repay existing debt of MannKind) of less than $150,000,000, MannKind would pay, or cause to be paid, from the proceeds of such placement, an additional cash advisory fee to GHS in the amount of $1,062,500; and (ii) if, in connection with such placement, MannKind were to issue to investors therein warrants to purchase MannKind common stock in a ratio that exceeds one warrant for a share of common stock for each $10 of gross proceeds raised in such offering, MannKind would pay, or cause to be paid, from the proceeds of such placement, an additional cash advisory fee to GHS in the amount of $1,062,500.

{00188825-3}

13.

The Termination Agreement further provides that in the event of a successful closing of a transaction with Jefferies, MannKind would pay to GHS the balance of GHS' out-of-pocket expenses in the approximate amount of $26,000.

14.

In fact, on or about February 8, 2012, MannKind did successfully complete a placement of securities with Jefferies, and the terms of that successful placement are such that, under the express terms of the Termination Agreement, MannKind owes to GHS the full $875,000 advisory fee, plus both additional cash advisory fees of $1,062,500 each, and the $26,000 of out-of-pocket expenses for a total amount due of $3,026,000.

15.

GHS has made amicable demand upon MannKind for payment of said balance, but to no avail.

16.

MannKind has refused to pay GHS contending that no amount is due to GHS because, according to MannKind, the fees payable to GHS under the Termination Agreement would be due only in the event of completion of a placement of MannKind debt securities, including non-convertible preferred stock.  MannKind contends that no fee is due GHS because neither GHS nor Jefferies completed a placement of debt securities for MannKind.  Rather, MannKind states that it completed a public offering of equity securities, not debt securities.

4
{00188825-3}

17.

GHS states that that position is contrary to the plain language of the Termination Agreement as negotiated and executed by the parties, and that the entirety of the fee and costs are due and payable.

18.

GHS further avers that it is entitled to the recovery of all reasonable attorney's fees and costs in pursuing this matter, since the recovery of such fees and costs is expressly provided for in the original Engagement Letter between the parties.

WHEREFORE, Global Hunter Securities, LLC respectfully prays that defendant, MannKind Corporation, be duly cited and served with this Complaint, and that, after due proceedings are had, there be judgment herein in favor of Global Hunter Securities, LLC and against MannKind Corporation in the full sum of $3,026,000, together with interest thereon at the appropriate judicial rate from February 8, 2012, until paid.  Global Hunter Securities, LLC further prays for the recovery of all reasonable attorney's fees incurred by Global Hunter Securities, LLC in pursuing this matter, and all costs of these proceedings.  Global Hunter Securities, LLC further prays for all general and equitable relief.

Respectfully submitted,

  /s/ *Jack M. Alltmont*
**Sessions, Fishman, Nathan & Israel, L.L.C.**
Jack M. Alltmont (#2424)
201 St. Charles Avenue, Suite 3815
New Orleans, Louisiana  70170-1052
Telephone:  (504) 582-1500
Facsimile:  (504) 582-1555
E-mail:  jma@sessions-law.com
*Attorneys for Global Hunter Securities, LLC*

October 12, 2012